U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

JAN 2 3 2008

CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 5:07CR50027-001 |
| | ) | |
| RANDALL ANTHONY KRAMER | ) | |

## ORDER REGARDING DISCOVERY OF DIGITAL EVIDENCE

On January 9, 2008, the government filed a Motion requesting an Order restricting the defendant's use of "Case Sanitizer" software during defense expert Wayne Marney's forensic examination of the digital evidence in this case. (Doc. 36) The defendant filed its response on January 11, 2008. (Doc. 37) The government filed a supplemental motion on January 15, 2008. (Doc 38) The Court conducted an evidentiary hearing on January 16, 2008, and continued that hearing to January 17, 2008. Prior to the Court convening on January 17, 2008, the parties announced they had reached an agreement regarding the discovery issue in dispute. The agreement reached by the parties was read into the record on January 17, 2008. The government has filed an Unopposed Motion for an Order Regarding Discovery of Digital Evidence. (Doc 39) That Order is now before this Court. The Court, being well and sufficiently advised, and informed of the agreement of the parties as evidenced by their signatures below, does find and Order as follows:

1. The defendant has withdrawn his request for his expert, Wayne Marney, or any other defense expert defendant may designate, to use the "Case Sanitizer" software in this case.

2. The defense expert, defense counsel and defense investigators are permitted to examine and copy, minus the child pornographic images, the imaged hard drives referred to as

Computer #1 (the Dell Optiplex GX1 computer in the custody of the FBI) and Computer #2 (the Dell Lattitude 110L laptop computer in the custody of the Fayetteville Police Department), and a compact disc in the custody of the FBI.

3. The defendant's forensic examination will be conducted at the Northwest Regional Computer Forensic Lab in Portland, Oregon, at no cost to the defendant. The Northwest Regional Computer Forensic Lab in Portland, Oregon, will not charge defendant an access fee nor any cost for defendant's expert to utilize the Northwest Regional Computer Forensic Lab for his examination in this case.

4. The defense expert is entitled to examine, copy, and remove all digital evidence in this case, but the defense expert is not permitted to copy and remove any visual images of child pornography as that term is defined in Title 18, United States Code, Section 2256.

5. The defense expert, defense counsel and defense investigators will have continuing access to examine this evidence at the Northwest Regional Computer Forensic Lab in Portland, Oregon, until the conclusion of this criminal case, upon reasonable advance notice given to the Northwest Regional Computer Forensic Lab.

6. This evidence will be transferred to the Northwest Regional Computer Forensic Lab in Portland, Oregon, within ten days of the date of this Order.

7. This Order is approved by counsel for both the government and defendant as evidenced by their signatures.

IT IS SO ORDERED this 23rd day of January, 2008.

/s/Jimm Larry Hendren
HON. JIMM LARRY HENDREN
CHIEF U.S. DISTRICT JUDGE

Read and approved by:

_____
Kyra E. Jenner
Assistant United States Attorney

_____
James B. Pierce
Assistant Federal Defender
Counsel for defendant Randall Anthony Kramer